ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
– and –
DARREN J. ROBBINS (168593)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SMITH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TELENAV, INC., et al.,<br><br>Defendants. | No. 10-cv-03942-SC<br><br><u>CLASS ACTION</u><br><br>DAVID SMITH'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: December 17, 2010<br>TIME: 10:00 a.m.<br>COURTROOM: 1 |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, December 17, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the Honorable Samuel Conti, David Smith ("Smith" or "Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1(a)(3)(B), for an order: (1) appointing Smith as lead plaintiff; and (2) approving Smith's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

This Motion is made on the grounds that Smith is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, Smith submits herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

This securities class action was brought on behalf of all persons who purchased or otherwise acquired the common stock of TeleNav, Inc. ("TeleNav" or the "Company") pursuant to the Company's false and misleading Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with its May 13, 2010 initial public offering ("IPO").

According to the PSLRA, the Court is to appoint as lead plaintiff the member of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(3)(B). Here, Smith should be appointed as lead plaintiff because he: (1) timely filed his motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or group of persons of which he is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii); *see also* McCormick Decl., Ex. A.

In addition, Smith's selection of Robbins Geller to serve as lead counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.     SUMMARY OF THE ACTION

TeleNav is a provider of wireless location-based services, including global positioning system ("GPS") navigation, mobile resource management, asset GPS tracking and local search. On May 13, 2010, TeleNav accomplished its IPO of 7 million shares of common stock at $8.00 per share for gross proceeds of $52.4 million to TeleNav (including over-allotments), pursuant to a false and misleading Registration Statement and Prospectus.

The Registration Statement failed to disclose the following adverse facts: (a) the Company would soon be renegotiating its current contract for TeleNav to provide Sprint Nextel Corporation ("Sprint"), its largest customer, with its Sprint Navigation application, which would result in lower overall revenues to TeleNav; (b) the unwillingness of Sprint to continue with the same contract terms beyond December 31, 2010 would not only mean lower revenues from Sprint, but had negative implications for TeleNav's other wireless relationships; and (c) adverse changes to the Sprint relationship would cause TeleNav's results to trend adversely compared to the trends included in the Registration Statement.

On July 29, 2010, TeleNav announced its fourth quarter fiscal 2010 results and disclosed that it had started negotiations regarding contract roll-over with Sprint early, and if successful, the contract roll-over would probably lead to an aggregate reduction in revenue from its largest customer. On this news, TeleNav's stock price fell $3.47 per share, to close at $5.44 per share on July 30, 2010, a one-day decline of 39% on high volume. The stock continued to decline to below $5 per share over the next few weeks as investors absorbed the implications of TeleNav's announcement.

## III.    ARGUMENT

### A.     Smith Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented

publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §77z-1(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on September 2, 2010, on *Business Wire* in connection with the filing of the first-filed action. *See* McCormick Decl., Ex. B.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Smith meets each of these requirements and should therefore be appointed lead plaintiff.

**1. Smith's Motion Is Timely**

Smith has timely filed this Motion within 60 days of the September 2, 2010 notice publication, and has also duly signed and filed a certification evidencing, among other things, his willingness to serve as a representative party on behalf of the class. *See* McCormick Decl., Ex. A. Accordingly, Smith has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff considered by the Court.

**2. Smith Possesses the Largest Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. §77z-1(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, Smtih suffered a loss from his purchase of shares of TeleNav common stock. *See* McCormick Decl., Exs. A. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have

a larger financial interest. Therefore, Smith satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).

**3. Smith Meets Federal Rule of Civil Procedure 23's Requirements**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, Smith satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, Smith meets the typicality and adequacy requirements because, like all other members of the purported class, he purchased TeleNav common stock pursuant to the Company's false and misleading Registration Statement and Prospectus issued in connection with its May 13, 2010 IPO and suffered damages thereby. Because Smith's claims are premised on the same legal and remedial

Case3:10-cv-03942-SC Document11 Filed11/01/10 Page6 of 9

theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004). Additionally, Smith is not subject to any unique defenses and there is no evidence of any conflicts between Smith and the other class members.

Smith therefore satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

**B. This Court Should Approve Smith's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Here, Smith has selected Robbins Geller as lead counsel for the class. Robbins Geller has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig*., 206 F.R.D. 427 (S.D. Tex. 2002). *See* McCormick Decl., Ex. C. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller as lead counsel. *Id.* Because Smith has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, their choice of Robbins Geller as lead counsel should be approved.

**IV. CONCLUSION**

For the foregoing reasons, Smith respectfully requests that the Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Robbins Geller as Lead Counsel for the class.

DATED: November 1, 2010

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
TRICIA L. MCCORMICK

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

584500_1

DAVID SMITH'S NOT OF MOTION AND MOTION FOR APPT AS LEAD PLTFF AND APPROVAL OF SEL OF COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF - 10-cv-03942-SC

- 5 -

Case3:10-cv-03942-SC Document11 Filed11/01/10 Page7 of 9

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
&DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiff

584500_1

DAVID SMITH'S NOT OF MOTION AND MOTION FOR APPT AS LEAD PLTFF AND APPROVAL OF SEL OF COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF - 10-cv-03942-SC

- 6 -

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 1, 2010.

s/ TRICIA L. McCORMICK

TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:TriciaM@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-03942-SC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Molly Allison Arico**
  marico@wsgr.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com,Jennifer.Duckworth@lw.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Sara Terese Wickware**
  Sara.Wickware@LW.com,svdocket@lw.com,Deborah.Peterson@lw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)